UNITED STATES BANKRUPTCY COURT
for the
DISTRICT OF MASSACHUSETTS

```
=====================================
                                    *
In Re:                              *
                                    *  Chapter 7
    STEVEN SHEA SCHWARTZ,           *  No. 06-13696-WCH
                                    *
                         Debtor     *
                                    *
=====================================
                                    *
    MICHAL SAIDON SCHWARTZ a/k/a    *
    MICHAL SAIDON                   *
                                    *  Adversary Proc.
                         Plaintiff  *  No. 07-1016
                                    *
              vs.                   *
                                    *
    STEVEN SHEA SCHWARTZ,           *
                                    *
                         Defendant  *
                                    *
=====================================
```

**MEMORANDUM DECISION ON PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND
DEFENDANT'S OPPOSITION AND
REQUEST FOR JUDGMENT**

*Introduction*

Plaintiff Michal Saidon Schwartz a/k/a Michal Saidon ("Plaintiff") brought this

adversary proceeding against the debtor, Steven Shea Schwartz ("Defendant"), seeking

a ruling that the claims she asserts against the Defendant are non-dischargeable

domestic support obligations under the terms of the Bankruptcy Code.  Plaintiff moved for partial summary judgment and Defendant filed an opposition and request for judgment.  The parties supported the motion and the opposition with affidavits.  After a hearing I took the matter under advisement.  For the reasons set forth below, I will enter an order dismissing the case as I lack jurisdiction over the matter.

*Findings of Fact*

The facts relevant to my determination are not in dispute.  The factual recitation which follows is taken from the motion, the opposition, and the various affidavits.

Defendant married Plaintiff in 1996.  She was a citizen of Israel.  In order to obtain permanent resident status for Plaintiff in the United States, Defendant submitted an affidavit of support (the "Affidavit") in January, 2001.[1]  The Affidavit provided:

> I submit this affidavit in consideration of the sponsored immigrant(s) not being found inadmissible to the United States under section 212(a)(4)(C) [of the Immigration and Nationality Act, codified as 8 U.S.C. § 1182 (a)(4)(C)] . . . and to enable the sponsored immigrant(s) to overcome this ground of inadmissibility.  I agree to provide the sponsored immigrant(s) whatever support is necessary to maintain the sponsored immigrant(s) at an income at this at least 125 percent of the Federal poverty guidelines.  I understand that my obligation will continue until my death or the sponsored immigrant(s) have become U.S. citizens, can be credited with 40 quarters of work, depart the United States permanently, or die.

The Affidavit further provided:

I acknowledge that section 213A(a)(1)(B) of the Act [8 U.S.C. § 1183a

---

[1] The requirement for such an affidavit is set forth in 8 U.S.C. §§ 1182(a)(4)(c) and 1183a.  In his opposition, the Defendant contends that he and the Plaintiff executed the Affidavit and in the next sentence denies that he executed the Affidavit.  In his affidavit and the affidavit of his state court divorce attorney, there is no mention of the Defendant not having executed the Affidavit.  Therefore, I find that the Defendant executed the Affidavit.

(a)(1)(B)] grants the sponsored immigrant(s) and any Federal State, local, or private agency that pays any means-tested public benefit to or on behalf of the sponsored immigrant(s) standing to sue me for failing to meet my obligations under this affidavit of support.

Plaintiff was granted permanent resident status in or about June, 2001. None of the statutory terminating conditions have occurred. There is no indication that Plaintiff ever received any means-tested public benefit.

On January 6, 2003, Defendant filed for divorce from Plaintiff in the Oklahoma State District Court for Payne County. In support of his opposition to Plaintiff's motion for summary judgment, Defendant submitted an affidavit of his divorce lawyer. It contains the following assertions, which Plaintiff has not controverted:

> 3. In the Divorce, the Plaintiff asserted that the Debtor was obligated to provide her with financial support.
> 4. To substantiate her claims for support, the Plaintiff, *inter alia*, submitted the Affidavit of Support, Form I-864 ("Affidavit") to the Court.[2]

On October 1, 2003 a Decree of Divorce was entered which allocated the assets and liabilities of the parties and which specifically provided that

> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Petitioner's [Defendant's] obligation to support the Respondent [Plaintiff] shall terminate as of 12:00 noon on June 1, 2004, and from and after such time and date Petitioner shall have no further obligation to provide any support whatsoever to Respondent.

On June, 25, 2004, Plaintiff brought suit against Defendant in the United States District Court for the Western District of Oklahoma to enforce the Affidavit.[3] The

---

[2] Affidavit of Micah D. Sexton, Exhibit 2 to Defendant Steven Schwartz' Opposition to the Plaintiff's Motion for Partial Summary Judgment, as Supplemented, and Request for Judgment in Favor of Defendant., Docket No. 29.

[3] *See* Schwartz v. Schwartz, No. Civ. 04-770-M, 2005 WL 1242171 (W.D. Okla. May 10, 2005).

Defendant moved to dismiss on the grounds that the Plaintiff had not yet received any benefits, the Affidavit was not a legally binding contract and the Decree of Divorce terminated his obligations under the Affidavit. In its decision denying the motion to dismiss (the "Decision"), the court ruled that the Plaintiff could maintain the action regardless of whether she had obtained benefits, the Affidavit was an enforceable contract, and the Decree of Divorce did not automatically terminate the Defendant's obligations.[4]

The foregoing action had not gone to trial when Defendant filed his petition under Chapter 7 of Title 11 on October 10, 2006. On Schedule F he listed Plaintiff as the holder of an unsecured nonpriority claim for an "asserted contractual obligation relating to immigration sponsorship," and classified that claim as contingent, unliquidated, and disputed and in an unknown amount.

This adversary proceeding followed on January 12, 2007. Plaintiff originally appeared *pro se*. She filed her motion for partial summary judgment on May 30, 2007, seeking judgment on liability only. On June 15, 2007, Attorney Henshaw moved for permission to appear for her *pro hac vice*  I granted that motion on June 18, 2007. Defendant opposed the summary judgment motion and requested that judgment be entered in his favor.

*Plaintiff's Position*

Plaintiff urges that the Affidavit is an enforceable contract. She also argues that the Decision should be treated as the law of the case. She claims independent

---

[4] In support of this conclusion, the court cited to the instructions for completing the affidavit which provide that divorce does not terminate the obligation.

standing to enforce the Defendant's obligation, and denies that the divorce in any way affected Defendant's obligations under the Affidavit.  Finally, she asks that I find that Defendant's obligations are excepted from discharge as a domestic support obligation.

*Defendant's Position*

Defendant asserts that his obligations to Plaintiff were terminated by the Decree of Divorce, and Plaintiff's action is barred by the doctrine of claims preclusion.  Further, he argues, any obligation arising under the Affidavit cannot be considered a domestic support obligation as that term is defined under the Bankruptcy Code.

*Discussion*

*Summary Judgment Standard*

Fed. R. Civ. P. 56, made applicable to adversary proceedings by Fed. R. Bankr. P. 7056, governs motions for summary judgment.  It provides that

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.[5]

*The Nature of Defendant's Original Obligation*

Defendant's undertaking to support Plaintiff was not gratuitous; it was a statutory prerequisite to her entry into the United States as a permanent resident.[6]  The nature of the undertaking is specifically prescribed:

> (1) Terms of affidavit
> No affidavit of support may be accepted by the Attorney General or by any

---

[5] Fed. R. Bankr. P. 7056(c).

[6] *See* 8 U.S.C. § 1182(a)(4)(C)(ii).

5

consular officer to establish that an alien is not excludable as a public charge under section 1182(a)(4) of this title unless such affidavit is executed by a sponsor of the alien as a contract--

(A) in which the sponsor agrees to provide support to maintain the sponsored alien at an annual income that is not less than 125 percent of the Federal poverty line during the period in which the affidavit is enforceable;

(B) that is *legally enforceable against the sponsor by the sponsored alien*, the Federal Government, any State (or any political subdivision of such State), or by any other entity that provides any means-tested public benefit (as defined in subsection (e) [FN1] of this section), consistent with the provisions of this section; and

(C) in which the sponsor agrees to submit to the jurisdiction of any Federal or State court for the purpose of actions brought under subsection (b)(2) of this section.[7]

The critical element of this language for present purposes is the emphasized phrase, making it clear that the obligation undertaken by the Defendant runs directly to Plaintiff as well as to any affected governmental unit. Absent any subsequent event which affects her rights, she has standing to enforce any claims against Defendant arising under the Affidavit in the present adversary proceeding.

*The Decree of Divorce and Subject Matter Jurisdiction*

The Decree of Divorce, quoted above, purports to terminate all support obligations of the Defendant to the Plaintiff as of June 1, 2004. The parties do not dispute that the Affidavit was filed in the state court proceedings. While they make much of the effect of Decree of Divorce or the Decision with respect to the doctrines of

---

[7] 8 U.S.C.A. § 1183a (emphasis added). Section (a)(2) of the statute provides that the obligation of support terminates only upon the death of the immigrant or affiant, or the immigrant obtaining citizenship, leaving the country, or realizing the required amount of work.

6

claim preclusion or law of the case, they have not addressed the preliminary issue of whether the Decree of Divorce affects the subject matter jurisdiction.

Recently, the Sixth Circuit addressed this issue.[8]  In Davis, the husband executed an affidavit of support and one year later he and his wife sought divorce and separation respectively.  The divorce court ordered the husband to support the wife for eight years without specifically enforcing the affidavit of support.  She appealed and the state appellate court ordered the divorce court to enforce the affidavit of support which it did.  The husband then filed suit in federal court to clarify his obligation under the affidavit of support.  The district court dismissed the case for lack of subject matter jurisdiction and the husband appealed to the court of appeals.

The husband argued that there was subject matter jurisdiction because his claim, related to the affidavit of support, arose under federal law.  In affirming that there was no subject matter jurisdiction over cause of action related to the affidavit of support, the Sixth Circuit wrote as follows:

> Moreover, § 1183a authorizes exactly the kind of support order that the Ohio court issued in this case as a means of enforcing the Affidavit of Support.  "Remedies available to enforce an affidavit of support . . . include an order for specific performance . . . and include corresponding remedies available under State law."  8 U.S.C. § 1183a(c).  Specific performance of the Affidavit as ordered by the Ohio court of Appeals is thus explicitly permitted under the statute.  We therefore conclude that the district court did not err when it dismissed Davis's complaint for lack of subject matter jurisdiction.[9]

---

[8]Davis v. United States of America, No. 06-4514, 2007 WL 2323853 (6th Cir. August 16, 2007).

[9]Id. at *4.

The Sixth Circuit based its decision on the Rooker-Feldman doctrine which the district court had not directly discussed.[10] Under this doctrine, the court explained, "lower federal courts lack jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceeding commenced and inviting district court review and rejection of those judgments.'"[11] The court considered the divorce judgment to be a matter of state domestic relations law. By filing his suit, the husband was seeking "federal review of a state court's order enforcing the Affidavit of Support in his divorce case."[12] This violation of the doctrine provided the district court with another ground for dismissing the case for lack of subject matter jurisdiction. The court explained that the husband's remedy was to pursue the matter in state court.[13]

In the facts before me, it is clear that the Affidavit was submitted to the divorce court. The Decree of Divorce does not specify the reasoning behind its support order. The Plaintiff here seeks an order declaring the Affidavit to be a domestic support obligation and any claims arising thereunder to be nondischargeable. She is, in essence, seeking review of the Decree of Divorce. Under the Rooker-Feldman doctrine, I lack jurisdiction to review the Decree of Divorce.

---

[10]Id. *See also*, Rooker v. Fid. Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

[11]Id. (*citing* Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

[12]Id.

[13]Id.

8

*Additional Unresolved Matters*

In its Decision, the district court only addressed whether the Plaintiff had stated a claim under Fed. R. Civ. P. 12(b)(6). It did not address subject matter jurisdiction. Nevertheless, the Plaintiff argues on summary judgment that the part of the Decision addressing the effect of the Decree of Divorce is binding in this case under the doctrine of law of the case. Even if the doctrine were applicable to this case, accepting for the moment the premise that this case is a continuation of the district court matter, the prior ruling was on an interlocutory matter and law of the case is not applicable.[14]

With respect to her second argument, there is no indication that Plaintiff received public benefits, the essential trigger for an action by an agency under the Affidavit.[15] As a result, any discussion of the effect of the divorce upon those agencies would be purely hypothetical and unnecessary.

In addition to the published district court decision explained above and Davis, there are a limited number of cases which have involved efforts by a former spouse to enforce INS support affidavits after a divorce.[16] In these cases, however, the courts do

---

[14] *See, e.g.* Harlow v. Children's Hosp., 432 F3d 50, 55 (1st Cir. 2005).

[15] Stump v. Stump (In re Stump), No. 1:04-cv-253-TS, 2005 WL 1290658 (N.D. Ind. May 23, 2005), *5.

[16] Cheshire v. Cheshire, No. 3:05-cv-0453-TJC-MCR, 2006 WL 1208010 (M.D. Fla. May 4, 2006) (ruling that judgment of divorce, where probate judge did not address affidavit, could not terminate obligation under affidavit as divorce was not terminating occurance under statute), Ainsworth v. Ainsworth, No. Civ.A. 02-1137-A, 2004 WL 5219037 (M.D. La. May 27, 2004) (granting summary judgment to enforce affidavit without discussing effect of prior divorce), Moody v. Sorokina, 40 A.D.3d 14 (Sup. Ct. N.Y. 2007) (reversing lower court ruling declining to enforce affidavit during divorce and citing to other cases herein), Muir v. Muir, No. FAO104527783, 2002 WL 1837964 (Conn. Super. Ct. July 10, 2002) (ordering divisions of assets and support in divorce

not discuss the issue of when an affidavit of support is taken into consideration during a divorce and whether a subsequent action is subject to such doctrines as Rooker-Feldman or claims preclusion.[17]  Therefore, they cannot stand as precedent in this case.

As there is no subject matter jurisdiction, I must dismiss this case.[18]

---

and ruling without explanation that contractual affidavit of support obligation would survive),

[17] I note that claim preclusion, especially in federal courts, has expanded in recent decades from its long-time use to prevent re-litigation of the same "cause of action" to the barring of claims that were not brought earlier but grew out of the same nucleus of operative facts and "should have been brought" in the earlier action  Aristud-Gonzalez v. Gov't Dev. Bank for Puerto Rico, No. 06-2676, 2007 WL 2460044, *2 (1st Cir. August 31, 2007), By asserting her rights under the Affidavit as support for her property rights claims in the divorce action, which resulted in a final judgment making certain financial awards to her, Plaintiff brought her rights before that court and is bound by the final judgment entered therein.  As a result, she cannot retry her entitlement under the Affidavit in this proceeding because her rights have been finally adjudicated in another forum. Porn v. Nat'l Grange Mut. Ins. Co., 93 F.3d 31, 34 (1st Cir. 1996) (citations omitted).

[18] Moreover, even if I were to have subject matter jurisdiction, abstention appears appropriate as the issue of the Affidavit has now been raised in two prior courts, both which have concurrent jurisdiction over whether any obligation under the Affidavit is dischargeable.  See 28 U.S.C. § 1334(c)(1) and Rein v. Providian Finan. Corp., 270 F.3d 895, 904 (9th Cir. 2001).

*Conclusion*

An order will enter dismissing this case.

*[signature: William C. Hillman]*

William C. Hillman
United States Bankruptcy Judge

Dated: October 18, 2007
Counsel Appearing:
For the Plaintiff: Todd M. Henshaw, Esq. Tulsa, OK
For the Defendant: Mark C. Rossi Esq., Altman Riley Esher LLP, Boston, MA

UNITED STATES BANKRUPTCY COURT
for the